IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gary BADER, attorney at law.

Supreme Court

*No. 80–1956–D. Filed July 6, 1981.*
(Also reported in 307 N.W.2d 655.)

PER CURIAM. *Attorney disciplinary proceeding; license suspended.*

On October 23, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging four counts of professional misconduct against Gary Bader, an attorney licensed to practice in this state since 1963 and who practices in Park Falls. In September of 1978, the respondent paid for two abstracts with a check which was subsequently returned to the payee because of insufficient funds. A second check, dated November 7, 1978, was also returned for the same reason. Following his complaint to the district attorney, the abstractor received payment on May 20, 1979. During the preliminary investigation of the disciplinary matter, the

respondent failed to attend a meeting of the District XI Professional Responsibility Committee for which he had been served a formal notice to appear.

The respondent, who was retained in March of 1974, to represent the estate of Washatka, failed to timely file federal estate tax returns in that estate, which resulted in a tax increase to the estate in excess of $7,000. As of April 1, 1981, the estate had not been closed. In addition, the respondent failed to respond to the BAPR's requests for information regarding the estate.

In early 1980, the respondent was retained by a client to represent her in an action brought to recover on a promissory note which she had co-signed. The respondent failed to appear at a hearing, and a default judgment was taken against his client in the amount of $641. The respondent then advised his client that he was attempting to have the matter reopened and that he had court dates for a hearing on March 5 and March 11, 1980. On March 11, 1980, the client appeared in court and was advised that nothing was scheduled and, further, that the respondent had filed no motion or request with the judge or with the clerk to have the case reopened. The respondent consistently failed to return his client's telephone calls and respond to the Board's inquiries.

In October of 1975, the respondent was retained to prepare a land contract for the sale of his client's commercial property. The respondent was informed by his client that the septic system on the property was insufficient and did not conform to various codes, and the respondent included in the land contract the obligation on his client's part to be responsible for the installation of a conforming septic system with no limitation as to cost. At the time of the closing, the respondent escrowed $4,680 in his trust account to cover the cost of a system which ultimately cost $10,000. During the course of his representation, the respondent made commitments to the pur-

chasers, allegedly on behalf of his client, without having authority from his client to do so, and he released the escrowed funds to the purchaser without obtaining a release of his client's obligations under the contract. The respondent instructed the purchaser to offset the balance due on the land contract by the amount paid for the conforming septic system which exceeded the amount which had been escrowed, and he attempted to have his client execute a deed to the purchaser before his client had received the benefits provided for by the contract. When his client obtained new counsel, the respondent refused to release his file, claiming that he had not been paid for work performed in connection with the probate of his client's father's estate or with respect to the land contract transaction, although such payments had, in fact, been made. After a complaint had been filed with the Board by the client's new counsel, the respondent was contacted by the Board but failed to respond.

The complaint was subsequently amended to incorporate a fifth count of misconduct, which alleged that the respondent failed to properly represent a client who had retained him in October of 1979 to represent him in connection with worker's compensation and social security claims. Both claims were dismissed, and the respondent made no attempt to communicate this to his client or to initiate reinstatement or rescheduling of either of the hearings on the claims. After the client filed a complaint with the Board, the Board requested a written response from the client and attempted to contact him on several occasions by letter and telephone. The respondent failed to respond.

The court referred the matter to the Hon. Rodney Lee Young as referee pursuant to SCR 21.09 (1980). The respondent filed an answer denying all of the allegations of the complaint, as amended, and a hearing was held on January 30, 1981.

The referee filed his report with the court on April 1, 1981, in which he made the following conclusions of law: the respondent's failure to respond to several letters from the Board and his failure to attend a scheduled hearing of the district professional responsibility committee in the matter concerning the payment of abstractor fees constituted misconduct in violation of SCR 21.03 (4) and 22.07 (2) ; his failure to promptly and judiciously complete the probate of the Washatka estate, resulting in a major financial loss to the estate, constituted neglect of a legal matter entrusted to him in violation of SCR 20.32 (3), and his failure to respond to four written inquiries of the Board constituted misconduct in violation of SCR 21.03 (4) and 22.07 (2) ; his failure to promptly and judiciously pursue the representation of his client with respect to the promissory note, together with his failure to communicate with his client, constituted misconduct in violation of SCR 20.32 (3), and his failure to respond to the Board's written inquiries constituted a violation of SCR 21.03 (4) and 22.-07 (2) ; his unprofessional conduct during the last three or four years of the term of the land contract constituted misconduct in violation of SCR 20.32 (3), and his failure to respond to the Board's written inquiries violated SCR 21.03 (4) and 22.07 (2) ; and his failure to promptly and judiciously pursue the claims of his client in the worker's compensation and social security matters constituted misconduct in violation of SCR 20.32 (3), and his failure to respond to the Board's written inquiries violated SCR 21.03 (4) and 22.07 (2). The referee's conclusions are prefaced with the statement: "That Respondent has demonstrated a strange cavalier attitude throughout these proceedings and has been evasive, intransigent and uncooperative."

The referee recommended that the respondent's license to practice law be suspended for a period of 60

days and that he pay, within 60 days, the sum of $1,000 to be applied toward the costs and fees incurred in the disciplinary action and that his license be suspended forthwith in the event he fails to do so. By order of May 18, 1981, we requested the respondent and counsel for the Board to file briefs within 30 days on the question of the appropriateness of the recommended discipline to the unprofessional conduct found and on the question of whether the respondent should be required to pay the total costs and fees incurred in this matter, amounting to $1,710.45, rather than the $1,000 figure recommended by the referee.

The Board filed its brief, but the respondent has not. In its brief, the Board takes the position that, although there are cases in which we have imposed more severe sanctions for misconduct equally or less severe than that of Bader, the misconduct in this case merits at the minimum the discipline recommended by the referee. On the question of costs, the Board takes the position that the referee has the discretion to assess costs against an attorney in disciplinary proceedings and that the referee appropriately exercised that discretion in this case.

Because of the number and serious nature of the incidents of professional misconduct on the part of the respondent, we believe that a sanction more severe than the 60-day suspension recommended by the referee is warranted. Also, the respondent should be liable for the total costs and fees incurred in the disciplinary proceeding but not so as to increase the severity of the discipline we impose.

It is ordered that the license of Gary Bader to practice law in Wisconsin is suspended for a period of six months, commencing August 1, 1981.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,710.45 to the Board of Attorneys Professional Responsibility, $1,000

on or before January 31, 1982, and the remainder within one year of the date of the respondent's reinstatement, provided that if payment is not made within the times specified, the license of Gary Bader to practice law in Wisconsin shall be revoked forthwith.