IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gary A. BADER, Attorney at Law.

Supreme Court

*No. 83–2491–D. Filed August 14, 1984.*
(Also reported in 352 N.W.2d 659.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding recommended that the license of the respondent, Attorney Gary

A. Bader, be suspended for one year for his failure to timely file a brief in an appeal, his failure to complete the settlement of his client's personal injury claim, his failure to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) and cooperate in its investigation of these matters, and his failure to comply with an order of this court to pay the costs of a prior disciplinary proceeding and file with the Board a release or explanatory statement from the personal representative of an estate involved in that proceeding. The referee also recommended that the respondent be ordered to pay the costs of this disciplinary proceeding, pay the unpaid costs of the prior proceeding, and file with the Board a release or statement from the personal injury client that no claim is pending or being made against him as a result of the personal injury claim.

After the respondent withdrew his answer and admitted the allegations of unprofessional conduct, the referee, the Honorable Rodney Lee Young, Reserve Judge, made findings of fact and conclusions of law based upon the Board's complaint. We adopt those findings and conclusions concerning the respondent's misconduct, and we accept the referee's recommendation of a one-year suspension of the respondent's license to practice law as appropriate discipline. It is also appropriate that the respondent be required to pay the costs of this proceeding, pay the unpaid costs of the prior proceeding, and file a release or statement concerning the personal injury matter.

Attorney Bader, who was admitted to practice law in Wisconsin in 1963 and practices in Park Falls, failed to timely file a brief on behalf of a client in an appeal, despite two notices from the clerk of this court that the appeal would be dismissed if the brief were not timely filed. The client's appeal was dismissed. The referee concluded that the respondent's conduct constituted neglect of a

legal matter, in violation of SCR 20.32(3), and a failure to carry out a contract of employment, in violation of SCR 20.35(1)(b).

In the personal injury matter, the respondent received a settlement check from one insurer in partial payment of his client's claim in December, 1979, but did not notify the client or send him the check until three years later, by which time the check was no longer negotiable. Further, the respondent failed to complete a settlement negotiated with a second insurer, and the statute of limitations on his client's claim expired. The referee concluded that the respondent thereby neglected a legal matter, in violation of SCR 20.32(3), and failed to carry out a contract of employment, in violation of SCR 20.35(1)(b). The referee also concluded that the respondent's failure to respond to written inquiries of the Board into these matters and his failure to cooperate with the Board's investigation violated SCR 22.07(2).

The respondent's license to practice law was previously suspended for professional misconduct for a period of six months, commencing August 1, 1981. *Disciplinary Proceedings Against Bader,* 103 Wis. 2d 304, 307 N.W.2d 655 (1981). In the court's order reinstating his license, the respondent was required to pay the costs of that disciplinary proceeding and to file a release or written statement from the personal representative of an estate involved in that proceeding showing that no claim was pending against the respondent or, in the alternative, a satisfactory explanation why a release or statement could not be filed. The respondent paid only $1,000 of the $1,710.54 costs of that proceeding, and he did not file a release, written statement or satisfactory explanation concerning the estate matter. The referee concluded that the respondent's failure to comply with the court's order violated SCR 21.05(2).

At the disciplinary hearing in this proceeding, the respondent requested an opportunity to file exhibits

showing a release of all claims against him by his client in the personal injury matter, as well as payment of the full costs from the prior disciplinary proceeding. The respondent had stated at the scheduling conference that he had the money to pay the delinquent costs. However, the respondent neither paid the costs nor filed those exhibits.

The respondent's unprofessional conduct, in light of his prior discipline, warrants the one-year suspension of his license recommended by the referee.

IT IS ORDERED that the license of Gary A. Bader to practice law in Wisconsin is suspended for one year, commencing September 1, 1984.

IT IS FURTHER ORDERED that within one year of this order Gary A. Bader file with the administrator of the Board of Attorneys Professional Responsibility a release from the personal injury client, a written statement from that client that there is no claim pending against the respondent resulting from the personal injury claim, or a satisfactory explanation why the release or statement cannot be filed.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gary A. Bader pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,079.58 and the unpaid costs of the prior disciplinary proceeding in the amount of $710.54, provided that if the costs are not paid within the time specified, the license of Gary A. Bader to practice law in Wisconsin shall be suspended until further order of the court.

HEFFERNAN, C.J., and BABLITCH, WILLIAM A., J., took no part.